## SUMMONS

Attorney(s) Law Office of Donald F. Burke

Office Address  45 Gale Road

Town, State, Zip Code  Brick, New Jersey  08723

Telephone Number  (732) 966-4922

Attorney(s) for Plaintiff Andrew L. Pezza

ANDREW L. PEZZA,

—————————————————

Plaintiff(s)

vs.

MIDDLETOWN TOWNSHIP PUBLIC

SCHOOLS, et al.,

Defendant(s)

# Superior Court of New Jersey

Monmouth        County

Law                Division

Docket No: MON-L-3981-18

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____

Clerk of the Superior Court

DATED: 11/20/2018

Name of Defendant to Be Served: Middletown Township Board of Education

Address of Defendant to Be Served: 834 Leonardville Road, Second Floor, Leonardo, New Jersey  07737

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD         NJ 07728
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM


              DATE:   NOVEMBER 05, 2018
              RE:     PEZZA ANDREW  VS MIDDLETOWN TWP. PUBL IC SCHOOL
              DOCKET: MON L -003981 18


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON LOURDES LUCAS

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       001
AT:  (732) 677-4246 EXT 4246.


    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
              ATTENTION:
                             ATT: DONALD F. BURKE
                             DONALD F. BURKE
                             45 GALE RD
                             BRICK          NJ 08723


ECOURTS
```

## LAW OFFICE OF DONALD F. BURKE

45 GALE ROAD
BRICK, NEW JERSEY  08723
(732) 966-4922
Email: DonaldBurkeEsq@gmail.com

**DONALD F. BURKE, ESQ.**
*Certified by the New Jersey Supreme Court as a Civil Trial Attorney*
*Member of the Bars of New Jersey & New York*

**DONALD F. BURKE JR., ESQ.**
*Member of the Bars of New Jersey & New York*

November 19, 2018

Certified Mail R.R.R. and Facsimile Fax: (732) 291-1036
Rosie Shopp
Human Resources
Middletown Township Public Schools
834 Leonardville Road
SECOND FLOOR
Leonardo, New Jersey  07737

Re:   ANDREW L. PEZZA, Plaintiff, v. MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS,
MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, JIM ALTOBELLO, DR. WILLIAM
GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN
GARAFALO AND JOANNE MAGISTRO, JOHN DOES 1-10 AND JOHN DOE
CORPORATIONS 1-10 (BEING PERSONS AND ENTITIES WHOSE TRUE IDENTITIES ARE
UNKNOWN) (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES), Defendants.
Superior Court of New Jersey
Monmouth County – Law Division
Docket No.: MON-L-003981-18

Dear Ms. Shopp,

Enclosed please find a Summonses and a copied of a filed Complaint. Please send this to your attorney and/or insurance carrier. Service is being accomplished pursuant to New Jersey Court Rule 4:4-4 (c) and an Answer to the Complaint must be filed within 35 days. Thank you.

Very Truly Yours,

s/ *Donald F. Burke*

Donald F. Burke, Esq.

Enclosures

cc:    Middletown Township Public Schools
        Middletown Township Board of Education

## SUMMONS

Attorney(s) <u>Law Office of Donald F. Burke</u>

Office Address  <u>45 Gale Road</u>

Town, State, Zip Code <u>Brick, New Jersey 08723</u>

Telephone Number  <u>(732) 966-4922</u>

Attorney(s) for Plaintiff <u>Andrew L. Pezza</u>

<u>ANDREW L. PEZZA,</u>

<u>                              </u>

Plaintiff(s)

vs.

<u>MIDDLETOWN TOWNSHIP PUBLIC</u>

<u>SCHOOLS, et al.,</u>

Defendant(s)

**Superior Court of
New Jersey**

<u>Monmouth</u>  County

<u>Law</u>  Division

Docket No: <u>MON-L-3981-18</u>

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*

Clerk of the Superior Court

DATED:  <u>11/20/2018</u>

Name of Defendant to Be Served: <u>Rosie Shopp (c/o Middletown Township Public Schools)</u>

Address of Defendant to Be Served: <u>834 Leonardville Road, Second Floor, Leonardo, New Jersey  07737</u>

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD        NJ 07728                      TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   NOVEMBER 05, 2018
                        RE:     PEZZA ANDREW  VS MIDDLETOWN TWP. PUBL IC SCHOOL
                        DOCKET: MON L -003981 18

        THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

        DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

        THE PRETRIAL JUDGE ASSIGNED IS:  HON LOURDES LUCAS

        IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       001
AT:  (732) 677-4246 EXT 4246.

        IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
        PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                ATT: DONALD F. BURKE
                                DONALD F. BURKE
                                45 GALE RD
                                BRICK        NJ 08723


ECOURTS

## LAW OFFICE OF DONALD F. BURKE
### 45 GALE ROAD
### BRICK, NEW JERSEY 08723
### (732) 966-4922
### Email: DonaldBurkeEsq@gmail.com

**DONALD F. BURKE, ESQ.**
*Certified by the New Jersey Supreme Court as a Civil Trial Attorney*
*Member of the Bars of New Jersey & New York*

**DONALD F. BURKE JR., ESQ.**
*Member of the Bars of New Jersey & New York*

November 19, 2018

Certified Mail R.R.R. and Facsimile Fax: (732) 291-1036
Amy Gallagher
Human Resources
Middletown Township Public Schools
834 Leonardville Road
SECOND FLOOR
Leonardo, New Jersey  07737

Re:   ANDREW L. PEZZA, Plaintiff, v. MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS,
      MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, JIM ALTOBELLO, DR. WILLIAM
      GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN
      GARAFALO AND JOANNE MAGISTRO, JOHN DOES 1-10 AND JOHN DOE
      CORPORATIONS 1-10 (BEING PERSONS AND ENTITIES WHOSE TRUE IDENTITIES ARE
      UNKNOWN) (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES), Defendants.
      Superior Court of New Jersey
      Monmouth County – Law Division
      Docket No.: MON-L-003981-18

Dear Ms. Gallagher,

        Enclosed please find a Summonses and a copied of a filed Complaint. Please send
this to your attorney and/or insurance carrier. Service is being accomplished pursuant to
New Jersey Court Rule 4:4-4 (c) and an Answer to the Complaint must be filed within 35
days.

Thank you.

Very Truly Yours,

s/ *Donald F. Burke*

Donald F. Burke, Esq.

Enclosures
cc:    Middletown Township Public Schools
       Middletown Township Board of Education

## SUMMONS

, Attorney(s) Law Office of Donald F. Burke

Office Address  45 Gale Road

Town, State, Zip Code  Brick, New Jersey 08723

Telephone Number  (732) 966-4922

Attorney(s) for Plaintiff Andrew L. Pezza

ANDREW L. PEZZA,

_____

Plaintiff(s)

vs.

MIDDLETOWN TOWNSHIP PUBLIC

SCHOOLS, et al.,

Defendant(s)

### Superior Court of New Jersey

Monmouth       County

Law             Division

Docket No: MON-L-3981-18

### CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_Michelle M. Smith_
Clerk of the Superior Court

DATED:  11/20/2018

Name of Defendant to Be Served: Amy Gallagher (c/o Middletown Township Public Schools)

Address of Defendant to Be Served: 834 Leonardville Road, Second Floor, Leonardo, New Jersey 07737

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD        NJ 07728

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS 8:30 AM - 4:30 PM

DATE:   NOVEMBER 05, 2018
RE:     PEZZA ANDREW  VS MIDDLETOWN TWP. PUBL IC SCHOOL
DOCKET: MON L -003981 18

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON LOURDES LUCAS

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (732) 677-4246 EXT 4246.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT; DONALD F. BURKE
DONALD F. BURKE
45 GALE RD
BRICK        NJ 08723

ECOURTS

# LAW OFFICE OF DONALD F. BURKE

### 45 GALE ROAD
### BRICK, NEW JERSEY 08723
### (732) 966-4922
### Email: DonaldBurkeEsq@gmail.com

**DONALD F. BURKE, ESQ.**
*Certified by the New Jersey Supreme Court as a Civil Trial Attorney*
*Member of the Bars of New Jersey & New York*

**DONALD F. BURKE JR., ESQ.**
*Member of the Bars of New Jersey & New York*

November 19, 2018

Certified Mail R.R.R. and Facsimile Fax: (732) 291-1036
Susan Garafalo
Human Resources
Middletown Township Public Schools
834 Leonardville Road
SECOND FLOOR
Leonardo, New Jersey 07737

Re:   ANDREW L. PEZZA, Plaintiff, v. MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS,
      MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, JIM ALTOBELLO, DR. WILLIAM
      GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN
      GARAFALO AND JOANNE MAGISTRO, JOHN DOES 1-10 AND JOHN DOE
      CORPORATIONS 1-10 (BEING PERSONS AND ENTITIES WHOSE TRUE IDENTITIES ARE
      UNKNOWN) (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES), Defendants.
      Superior Court of New Jersey
      Monmouth County – Law Division
      Docket No.: MON-L-003981-18

Dear Ms. Garafalo,

Enclosed please find a Summonses and a copied of a filed Complaint. Please send this to your attorney and/or insurance carrier. Service is being accomplished pursuant to New Jersey Court Rule 4:4-4 (c) and an Answer to the Complaint must be filed within 35 days. Thank you.

Very Truly Yours,

s/ *Donald F. Burke*

Donald F. Burke, Esq.

Enclosures
cc:      Middletown Township Public Schools
          Middletown Township Board of Education

## SUMMONS

Attorney(s) Law Office of Donald F. Burke

Office Address  45 Gale Road

Town, State, Zip Code  Brick, New Jersey 08723

Telephone Number  (732) 966-4922

Attorney(s) for Plaintiff  Andrew L. Pezza

ANDREW L. PEZZA,

Plaintiff(s)

vs.

MIDDLETOWN TOWNSHIP PUBLIC

SCHOOLS, et al.,

Defendant(s)

**Superior Court of New Jersey**

Monmouth County

Law  Division

Docket No: MON-L-3981-18

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_Michelle M. Smith_

Clerk of the Superior Court

DATED: 11/20/2018

Name of Defendant to Be Served: Susan Garafalo (c/o Middletown Township Public Schools)

Address of Defendant to Be Served: 834 Leonardville Road, Second Floor, Leonardo, New Jersey 07737

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD          NJ 07728

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   NOVEMBER 05, 2018
                    RE:     PEZZA ANDREW  VS MIDDLETOWN TWP. PUBL IC SCHOOL
                    DOCKET: MON L -003981 18

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON LOURDES LUCAS

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM        001
AT:  (732) 677-4246 EXT 4246.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                            ATT: DONALD F. BURKE
                            DONALD F. BURKE
                            45 GALE RD
                            BRICK          NJ 08723

ECOURTS

## LAW OFFICE OF DONALD F. BURKE
### 45 GALE ROAD
### BRICK, NEW JERSEY 08723
### (732) 966-4922
### Email: DonaldBurkeEsq@gmail.com

**DONALD F. BURKE, ESQ.**
*Certified by the New Jersey Supreme Court as a Civil Trial Attorney*
*Member of the Bars of New Jersey & New York*

**DONALD F. BURKE JR., ESQ.**
*Member of the Bars of New Jersey & New York*

November 19, 2018

Certified Mail R.R.R. and Facsimile Fax: (732) 291-1036
William George III, Ed.D.
Superintendent of Schools
Middletown Township Public Schools
834 Leonardville Road
SECOND FLOOR
Leonardo, New Jersey 07737

Re:   ANDREW L. PEZZA, Plaintiff, v. MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS,
      MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, JIM ALTOBELLO, DR. WILLIAM
      GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN
      GARAFALO AND JOANNE MAGISTRO, JOHN DOES 1-10 AND JOHN DOE
      CORPORATIONS 1-10 (BEING PERSONS AND ENTITIES WHOSE TRUE IDENTITIES ARE
      UNKNOWN) (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES), Defendants.
      Superior Court of New Jersey
      Monmouth County – Law Division
      Docket No.: MON-L-003981-18

Dear Dr. George,

        Enclosed please find a Summonses and a copied of a filed Complaint being served
upon you and defendants' Middletown Township Public Schools, Middletown Township
Board of Education. Please send this to the appropriate attornes and/or insurance carriers
for handling if appropriate. Service is being accomplished pursuant to New Jersey Court
Rule 4:4-4 (c) and an Answer to the Complaint must be filed within 35 days.

Thank you.

Very Truly Yours,

s/ *Donald F. Burke*

Donald F. Burke, Esq.

Enclosures

cc:     Middletown Township Public Schools
        Middletown Township Board of Education

2

**SUMMONS**

Attorney(s) Law Office of Donald F. Burke

Office Address  45 Gale Road

Town, State, Zip Code  Brick, New Jersey  08723


Telephone Number  (732) 966-4922

Attorney(s) for Plaintiff  Andrew L. Pezza

ANDREW L. PEZZA,


　　　Plaintiff(s)


　　vs.

MIDDLETOWN TOWNSHIP PUBLIC

SCHOOLS, et al.,

　　　Defendant(s)

### Superior Court of
### New Jersey

Monmouth　　County

Law　　　　Division

Docket No: MON-L-3981-18


## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

　　The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

　　If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

　　If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*

Clerk of the Superior Court

DATED:  11/20/2018

Name of Defendant to Be Served:  William George III (c/o Middletown Township Public Schools)

Address of Defendant to Be Served:  834 Leonardville Road, Second Floor, Leonardo, New Jersey  07737

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD          NJ 07728

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   NOVEMBER 05, 2018
                    RE:     PEZZA ANDREW  VS MIDDLETOWN TWP. PUBL IC SCHOOL
                    DOCKET: MON L -003981 18

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON LOURDES LUCAS

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (732) 677-4246 EXT 4246.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         ATT: DONALD F. BURKE
                         DONALD F. BURKE
                         45 GALE RD
                         BRICK          NJ 08723


ECOURTS

# LAW OFFICE OF DONALD F. BURKE
## 45 GALE ROAD
## BRICK, NEW JERSEY 08723
### (732) 966-4922
### Email: DonaldBurkeEsq@gmail.com

**DONALD F. BURKE, ESQ.**
*Certified by the New Jersey Supreme Court as a Civil Trial Attorney*
*Member of the Bars of New Jersey & New York*

**DONALD F. BURKE JR., ESQ.**
*Member of the Bars of New Jersey & New York*

November 19, 2018

Certified Mail R.R.R. and Facsimile Fax: (732) 291-1036
Joanne Magistro
Human Resources
Middletown Township Public Schools
PO Box 4170
Middletown, New Jersey 07748

Re:   ANDREW L. PEZZA, Plaintiff, v. MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS,
      MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, JIM ALTOBELLO, DR. WILLIAM
      GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN
      GARAFALO AND JOANNE MAGISTRO, JOHN DOES 1-10 AND JOHN DOE
      CORPORATIONS 1-10 (BEING PERSONS AND ENTITIES WHOSE TRUE IDENTITIES ARE
      UNKNOWN) (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES), Defendants.
      Superior Court of New Jersey
      Monmouth County – Law Division
      Docket No.: MON-L-003981-18

Dear Ms. Magistro,

Enclosed please find a Summonses and a copied of a filed Complaint. Please send this to your attorney and/or insurance carrier. Service is being accomplished pursuant to New Jersey Court Rule 4:4-4 (c) and an Answer to the Complaint must be filed within 35 days. Thank you.

Very Truly Yours,

s/ *Donald F. Burke*

Donald F. Burke, Esq.

Enclosures
cc:     Middletown Township Public Schools
        Middletown Township Board of Education

## SUMMONS

Attorney(s) <u>Law Office of Donald F. Burke</u>

Office Address <u>45 Gale Road</u>

Town, State, Zip Code <u>Brick, New Jersey  08723</u>

Telephone Number <u>(732) 966-4922</u>

Attorney(s) for Plaintiff <u>Andrew L. Pezza</u>

ANDREW L. PEZZA,

_____

            Plaintiff(s)

      vs.

MIDDLETOWN TOWNSHIP PUBLIC

SCHOOLS, et al.,

            Defendant(s)

## Superior Court of New Jersey

<u>Monmouth</u> ☒ County

<u>Law</u>            Division

Docket No: <u>MON-L-3981-18</u>

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_Michelle M. Smith_

Clerk of the Superior Court

DATED: <u>11/20/2018</u>

Name of Defendant to Be Served: <u>Joanne Magistro (c/o Middletown Township Public Schools)</u>

Address of Defendant to Be Served: <u>834 Leonardville Road, Second Floor, Leonardo, New Jersey  07737</u>

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD          NJ 07728

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM

DATE:  NOVEMBER 05, 2018
RE:    PEZZA ANDREW  VS MIDDLETOWN TWP. PUBL IC SCHOOL
DOCKET: MON L -003981 18

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON LOURDES LUCAS

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (732) 677-4246 EXT 4246.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
ATTENTION:
ATT: DONALD F. BURKE
DONALD F. BURKE
45 GALE RD
BRICK          NJ 08723

ECOURTS

# LAW OFFICE OF DONALD F. BURKE

**45 GALE ROAD**
**BRICK, NEW JERSEY  08723**
**(732) 966-4922**
**Email: DonaldBurkeEsq@gmail.com**

**DONALD F. BURKE, ESQ.**
*Certified by the New Jersey Supreme Court as a Civil Trial Attorney*
*Member of the Bars of New Jersey & New York*

**DONALD F. BURKE JR., ESQ.**
*Member of the Bars of New Jersey & New York*

November 19, 2018

Certified Mail R.R.R. and Facsimile Fax: (732) 291-1036
Jim Altobello
Principle
Middletown Township Public Schools
834 Leonardville Road
SECOND FLOOR
Leonardo, New Jersey  07737

Re:   ANDREW L. PEZZA, Plaintiff, v. MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS,
MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, JIM ALTOBELLO, DR. WILLIAM
GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN
GARAFALO AND JOANNE MAGISTRO, JOHN DOES 1-10 AND JOHN DOE
CORPORATIONS 1-10 (BEING PERSONS AND ENTITIES WHOSE TRUE IDENTITIES ARE
UNKNOWN) (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES), Defendants.
Superior Court of New Jersey
Monmouth County – Law Division
Docket No.: MON-L-003981-18

Dear Mr. Altobello,

Enclosed please find a Summonses and a copied of a filed Complaint. Please send
this to your attorney and/or insurance carrier. Service is being accomplished pursuant to
New Jersey Court Rule 4:4-4 (c) and an Answer to the Complaint must be filed within 35
days. Thank you.

Very Truly Yours,

s/ *Donald F. Burke*

Donald F. Burke, Esq.

Enclosures
cc:      Middletown Township Public Schools
         Middletown Township Board of Education

## SUMMONS

Attorney(s) <u>Law Office of Donald F. Burke</u>

Office Address <u>45 Gale Road</u>

Town, State, Zip Code <u>Brick, New Jersey  08723</u>

Telephone Number  <u>(732) 966-4922</u>

Attorney(s) for Plaintiff <u>Andrew L. Pezza</u>

ANDREW L. PEZZA,

Plaintiff(s)

vs.

MIDDLETOWN TOWNSHIP PUBLIC

SCHOOLS, et al.,

Defendant(s)

## Superior Court of
## New Jersey

<u>Monmouth</u>   County

<u>Law</u>   Division

Docket No: <u>MON-L-3981-18</u>

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Michelle M Smith

Clerk of the Superior Court

DATED:  <u>11/20/2018</u>

Name of Defendant to Be Served:  <u>James Altobello (c/o Middletown Township Public Schools)</u>

Address of Defendant to Be Served:  <u>834 Leonardville Road, Second Floor, Leonardo, New Jersey  07737</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD          NJ 07728
```
                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:    NOVEMBER 05, 2018
                    RE:      PEZZA ANDREW  VS MIDDLETOWN TWP. PUBL IC SCHOOL
                    DOCKET: MON L -003981 18


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


    THE PRETRIAL JUDGE ASSIGNED IS:  HON LOURDES LUCAS


    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       001
AT:  (732) 677-4246 EXT 4246.


    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: DONALD F. BURKE
                              DONALD F. BURKE
                              45 GALE RD
                              BRICK          NJ 08723


ECOURTS

# LAW OFFICE OF DONALD F. BURKE
## 45 GALE ROAD
## BRICK, NEW JERSEY 08723
## (732) 966-4922
### Email: DonaldBurkeEsq@gmail.com

**DONALD F. BURKE, ESQ.**
*Certified by the New Jersey Supreme Court as a Civil Trial Attorney*
*Member of the Bars of New Jersey & New York*

**DONALD F. BURKE JR., ESQ.**
*Member of the Bars of New Jersey & New York*

November 19, 2018

Certified Mail R.R.R. and Facsimile Fax: (732) 291-1036
Kimberly Pickus
Human Resources
Middletown Township Public Schools
834 Leonardville Road
SECOND FLOOR
Leonardo, New Jersey 07737


Re:   ANDREW L. PEZZA, Plaintiff, v. MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS,
      MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, JIM ALTOBELLO, DR. WILLIAM
      GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN
      GARAFALO AND JOANNE MAGISTRO, JOHN DOES 1-10 AND JOHN DOE
      CORPORATIONS 1-10 (BEING PERSONS AND ENTITIES WHOSE TRUE IDENTITIES ARE
      UNKNOWN) (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES), Defendants.
      Superior Court of New Jersey
      Monmouth County — Law Division
      Docket No.: MON-L-003981-18

Dear Ms. Pickus,

     Enclosed please find a Summonses and a copied of a filed Complaint. Please send this to your attorney and/or insurance carrier. Service is being accomplished pursuant to New Jersey Court Rule 4:4-4 (c) and an Answer to the Complaint must be filed within 35 days. Thank you.

                    Very Truly Yours,
                    s/ *Donald F. Burke*
                    Donald F. Burke, Esq.

Enclosures
cc:    Middletown Township Public Schools
        Middletown Township Board of Education

## SUMMONS

Attorney(s) Law Office of Donald F. Burke

Office Address   45 Gale Road

Town, State, Zip Code   Brick, New Jersey 08723

Telephone Number   (732) 966-4922

Attorney(s) for Plaintiff Andrew L. Pezza

ANDREW L. PEZZA,

                Plaintiff(s)

        vs.

MIDDLETOWN TOWNSHIP PUBLIC

SCHOOLS, et al.,

                Defendant(s)

# Superior Court of
# New Jersey

Monmouth      County

Law            Division

Docket No: MON-L-3981-18

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_Michelle M Smith_

Clerk of the Superior Court

DATED:  11/20/2018

Name of Defendant to Be Served: Kimberly Pickus (c/o Middletown Township Public Schools)

Address of Defendant to Be Served: 834 Leonardville Road, Second Floor, Leonardo, New Jersey 07737

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD          NJ 07728

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM

DATE:    NOVEMBER 05, 2018
RE:      PEZZA ANDREW  VS MIDDLETOWN TWP. PUBL IC SCHOOL
DOCKET: MON L -003981 18

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON LOURDES LUCAS

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (732) 677-4246 EXT 4246.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: DONALD F. BURKE
DONALD F. BURKE
45 GALE RD
BRICK          NJ 08723

ECOURTS

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-003981-18

**Case Caption:** PEZZA ANDREW VS MIDDLETOWN TWP. PUBLIC SCHOOL

**Case Initiation Date:** 11/05/2018

**Attorney Name:** DONALD FRANCIS BURKE

**Firm Name:** DONALD F. BURKE

**Address:** 45 GALE RD

BRICK NJ 08723

**Phone:**

**Name of Party:** PLAINTIFF : PEZZA, ANDREW, L.

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** NJ eCourts Case Initiation Confirmation

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/05/2018
Dated

/s/ DONALD FRANCIS BURKE
Signed

DONALD F. BURKE, ESQ. #008011983
LAW OFFICE OF DONALD F. BURKE
45 GALE ROAD
BRICK, N.J. 08723
TEL: (732) 966-4922
ATTORNEYS FOR PLAINTIFF
ANDREW L. PEZZA

| | |
|---|---|
| ANDREW L. PEZZA,<br><br>                                    Plaintiff,<br><br>v.<br><br>MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS, MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, JAMES ALTO-BELLO, WILLIAM GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN GARAFALO, JOANNE MAGISTRO, JOHN DOES 1-10 AND JOHN DOE COR-PORATIONS 1-10 (BEING PERSONS AND ENTITIES WHOSE TRUE IDENTITIES ARE UNKNOWN) (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES),<br><br>                                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br><br>DOCKET NO.:<br><br><br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## INTRODUCTORY STATEMENT

Plaintiff ANDREW L. PEZZA brings this Complaint under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.*, ("ADA") and the New Jersey Law Against Discrimination ("NJLAD") against defendants for discrimination against him on account of his disability. Plaintiff alleges that defendants unlawfully discriminated against him in violation of the ADA and the NJLAD when they failed to reasonably accommodate his disability and instead terminated his employment on account of his disability. Plaintiff ANDREW L. PEZZA also brings this action against defendants for violating his rights secured by the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* and under the statutory and common law of the State of New Jersey because defendants terminated his employment while he was on medical leave. Plaintiff seeks damages, including compensatory and punitive damages, and all other relief this Court deems appropriate. For the reasons that follow, defendants engaged in unlawful (1) disability discrimination pursuant

to the ADA; (2) retaliation under the ADA; (3) violation of the FMLA; (4) discrimination under the NJLAD; (5) retaliation under the NJLAD; (6) aiding and abetting one another's unlawful conduct in violation of the NJLAD; (7) violation of plaintiff's rights under the Constitution and laws of the State of New Jersey and the New Jersey Civil Rights Act.

## JURISDICTION AND VENUE

1.      Plaintiff ANDREW L. PEZZA filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.

2.      On or about August 6, 2018, the EEOC issued to Plaintiff ANDREW L. PEZZA a Dismissal and Notice of Rights.

3.      Plaintiff ANDREW L. PEZZA has fully complied with all administrative prerequisites for the commencement of this action.

4.      On or about September 23, 2017, Plaintiff ANDREW L. PEZZA filed a Notice of Tort Claim, complaining of acts and omissions alleged herein.

## PARTIES

5.      Plaintiff ANDREW L. PEZZA is a resident of the State of New Jersey, residing at in Jackson Township, Ocean County, New Jersey.

6.      Plaintiff ANDREW L. PEZZA was employed by MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, which is based and headquartered at 834 Leonardville Road, Leonardo, New Jersey 07737.

7.      Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION at all relevant times was plaintiff's employer.

8.      Defendant JAMES ALTOBELLO is the Principal of the Navesink Elementary School where plaintiff was employed.

9.      Defendant WILLIAM GEORGE III is the Superintendent of Schools for MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS.

10.      Defendant KIMBERLY PICKUS is Assistant Superintendent of Human Resources, Curriculum and Instruction for the Middletown Township School District

11.      Defendant AMY GALLAGHER is Business Administrator/Board Secretary of

2

MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS.

12.     Defendant ROSIE SHOPP is an employee of MIDDLETOWN TOWNSHIP BOARD OF EDUCATION working in the Office of Human Resources.

13.     Defendant SUSAN GARAFALO is an employee of MIDDLETOWN TOWNSHIP BOARD OF EDUCATION working in the Office of Human Resources

14.     Defendant JOANNE MAGISTRO was at times relevant the Interim Human Resources Administrator for MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS.

15.     Defendants JOHN DOES 1-10 and JOHN DOE CORPORATIONS 1-10 are persons and entities whose true identities are presently unknown but are described as individuals and corporations who independently or as duly authorized agents of defendants MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION discriminated and/or retaliated against plaintiff ANDREW L. PEZZA or aided and abetted others, including other named defendants, to do so and deprived plaintiff of his rights through their acts or omissions and caused him injury and damages.

16.     At all times material hereto, defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION employed more than 15 employees.

17.     At all times material hereto, defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION acted by and through its authorized agents, servants and/or employees acting within the course and scope of their employment with defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION and in furtherance of the business of defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION.

18.     At all times materials hereto, defendant MIDDLETOWN TOWNSHIP BOARD OF EDUCATION acted as an "employer" of plaintiff within the meaning of the statutes which form the basis of this matter.

19.     At all times material hereto, plaintiff ANDREW L. PEZZA was an employee of defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD

OF EDUCATION within the meaning of the statutes which form the basis of this matter.

## STATEMENT OF FACTS

20.     Plaintiff ANDREW L. PEZZA was employed by MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION as a para-professional.

21.     Plaintiff ANDREW L. PEZZA received good performance appraisals until he requested FMLA leave for injuries he sustained in a physical assault.

22.     Plaintiff ANDREW L. PEZZA sought a reasonable accommodation from his employer to deal with his serious medical condition.

23.     Consistent with the recommendation of his medical provider, he sought and was approved for medical leave.

24.     On June 5, 2017, Chioma Obiukwu, APN provided a letter to defendants stating: "Patient is being treated at our office and is still complaining of high anxiety, depression and severe symptoms of PTSD. For his safety, the patient is not mentally stable to return to work at this time."

25.     Plaintiff ANDREW L. PEZZA subsequently received a letter from defendant JAMES ALTOBELLO, the Principal of Navesink Elementary School where plaintiff worked, stating his attendance for the 2017-2018 school year would have to improve.

26.     MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION terminated ANDREW L. PEZZA shortly thereafter, on June 27, 2017, while he was on FMLA leave.

27.     Plaintiff ANDREW L. PEZZA subsequently received a letter dated June 28, 2017 advising the Board of Education had approved an adjustment to his medical leave effective "4/3/17 – 6/30/17 – unpaid leave."

28.     As set forth above, plaintiff ANDREW L. PEZZA sustained injuries that resulted in his request for leave under the FMLA.

29.     He was provided FMLA leave and fired while on FMLA leave.

30.     Plaintiff ANDREW L. PEZZA was fired because of his disability or perceived disability and his request for a reasonable accommodation on his return to work.

31.     After plaintiff ANDREW L. PEZZA's termination, there were numerous available

4

positions within defendants' organization that he was qualified to perform.

32.    As a result of plaintiff ANDREW L. PEZZA's serious medical condition, he was substantially limited in major life activities.

33.    At all times material hereto, plaintiff ANDREW L. PEZZA was able to perform the essential functions of his job with reasonable accommodations.

34.    At all times material hereto, plaintiff ANDREW L. PEZZA was disabled within the meaning of both the ADA and the NJLAD.

35.    At all material times hereto, plaintiff ANDREW L. PEZZA was regarded as being disabled within the meaning of both the ADA and the NJLAD.

36.    At all material times hereto, plaintiff ANDREW L. PEZZA had a record of disability within the meaning of both the ADA and the NJLAD.

37.    Further, Andrew L. Pezza had outstanding performance evaluations.

38.    In April, May and finally on June 5, 2017 he sought leave for his "serious medical condition."

39.    On June 5, 2017 at 11:21 a.m. ANDREW L. PEZZA provided his employer with a note from his medical care provider advising that ANDREW L. PEZZA was not cleared for work and requested an extension of his unpaid leave of absence.

40.    The 2017 evaluation form was also dated June 5, 2017 and prepared by James Altobello, the Principal of Navesink Elementary School.

41.    Mr. Altobello is the same gentleman who in the prior performance evaluation of ANDREW L. PEZZA had stated ANDREW L. PEZZA did "a wonderful job" and "comes each day prepared to help the students and staff move forward in a positive direction."

42.    In June of 2017, however, Principal Altobello issued an evaluation deeply critical of ANDREW L. PEZZA's performance, stating "Mr. Pezza will not be recommended for rehire in the district for the 2017-2018 school year."

43.    Principle Altobello noted in the evaluation: "Mr. Pezza is currently out on a medical leave of absence", id., something that should never have been a factor in an employee's performance evaluation under the FMLA but it is set forth in ANDREW L. PEZZA's June

2017 performance evaluation.

44. The Paraprofessional Evaluation Form dated June 5, 2017 was submitted on June 14, 2017 at 1:35 p.m.

45. ANDREW L. PEZZA was never earlier notified by respondent of any deficiencies in his performance.

46. A sound and just employee review process would have advised an employee as to the expectations of the employer, whether the employee was meeting these expectations and a plan for improvement.

47. None of this took place as to ANDREW L. PEZZA.

48. As the chronology indicates, ANDREW L. PEZZA was performing beyond expectations and, after requesting medical leave for his serious health condition, the employer suddenly clamed ANDREW L. PEZZA was performing poorly without ever bringing to ANDREW L. PEZZA's deficiencies in his performance.

49. While Superintendent William O. George, III, sent a letter to Andrew Pezza dated April 28, 2017, defendants have acknowledged the letter was a form letter sent to all non-tenured employees pursuant to N.J.S.A. § 18A:27-10.2, which requires notification of intent to non-renew by May 15th.

50. Defendant ROSIE SHOPP, Office of Human Resources, notified ANDREW L. PEZZA that any conversations regarding his employment "will be held in public" as he requested.

51. The minutes of the June 27, 2017 Board of Education meeting, however, do not reflect any discussion of ANDREW L. PEZZA's employment termination but only an extension of his medical leave.

52. ANDREW L. PEZZA was advised on June 28, 2017 by defendant KIMBERLY PINCUS, Assistant Superintendent for Human Resources, Curriculum and Instruction that he was terminated by Board action taken on June 27, 2017.

53. Also, on June 28, 2017, Ms. Pincus notified ANDREW L. PEZZA the Board of Education had "approved an adjustment to your medical leave of absence effective: 4-3-17 – 6-30-17 – unpaid leave."

54. In addition to ANDREW L. PEZZA requesting that the employer discuss his

termination in public session, which was not done, he also requested an investigation into the circumstances of his termination and he submitted documents for consideration by the Board President and the Board of Education including a written statement of reasons or a "Donaldson hearing" before the Board, a form of due process available to non-tenured staff who wish to challenge a decision of non-renewal.

55.     ANDREW L. PEZZA presented for the Board's review and consideration letters and documents, including his evaluations noted above. He provided these things by letter to the Board President.

56.     Subsequent to his termination he sought review by the Board.

57.     There is no indication the Board ever received or reviewed the material ANDREW L. PEZZA submitted, however, defendant KIMBERLY PINCUS acknowledged receipt but advised ANDREW L. PEZZA: "There is no basis for your request regarding an investigation, and as a result no further action will be taken."

58.     Subsequent to his termination, ANDREW L. PEZZA sought other employment.

59.     ANDREW L. PEZZA was requested as part of the employment applications to provide potential employers with information regarding his employment with defendants.

60.     Defendants failed to timely respond to the requests for information.

61.     Subsequently, defendant KIMBERLY PINCUS confirmed employment but improperly advised potential employers that "Mr. Pezza was on a leave of absence from 4/3/17 to 6/30/17.".

62.     This is a demonstration of retaliation against ANDREW L. PEZZA for requesting leave for his serious medical condition and supports ANDREW L. PEZZA's position his termination was the result of unlawful retaliation and discrimination.

63.     Defendants were aware that ANDREW L. PEZZA exhausted his sick leave under the Collective Negotiations Agreement and he was placed on an unpaid leave of absence for his own serious medical condition.

64.     ANDREW L. PEZZA requested leave for his serious medical condition which put defendants on notice of their obligations under the FMLA and under the ADA as well.

65.     Plaintiff ANDREW L. PEZZA's disabilities, including his record of disabilities and

7

defendants' regarding him as having disabilities, were motivating and determinative factors in connection with defendants' discriminatory treatment of plaintiff, including his termination.

## COUNT ONE
### Violation of the NJLAD
### (Against All Defendants)

66. Plaintiff ANDREW L. PEZZA incorporates by reference the allegations contained in the paragraphs above as if set forth at length herein.

67. Plaintiff ANDREW L. PEZZA's injuries sustained during the time frame relevant to this action caused him to be disabled within the meaning of the NJLAD.

68. In failing to reasonably accommodate plaintiff ANDREW L. PEZZA's disability and terminating plaintiff ANDREW L. PEZZA's employment, defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION have discriminated against him on account of his disability in violation of the NJLAD.

69. Defendants' conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis of a disability, in violation of the NJLAD.

70. An employee with a disability or perceived disability is a member of a protected class under the NJLAD, N.J.S.A § 10:5-12.

71. Plaintiff ANDREW L. PEZZA is both an employee and member of a protected class under the NJLAD.

72. The NJLAD applies to all employers (except federal employers), regardless of size. N.J.S.A. §§ 10:5-5(e) and 10:5-12.

73. Defendants were employers under the NJLAD. N.J.S.A. § 10:5-1 *et seq.*

74. Plaintiff suffered from a serious medical condition.

75. Plaintiff was hospitalized and/or underwent surgery with respect to this medical condition.

76. The aforesaid conditions constitute "handicaps" and/or "disabilities" under the NJLAD.

77. Plaintiff ANDREW L. PEZZA is and was, at all times relevant to this action, a person defined as "handicapped" and disabled under the NJLAD who was, despite his disability, otherwise capable and qualified to perform his duties for defendant MIDDLETOWN

TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION.

78.    Plaintiff ANDREW L. PEZZA was hired and performed at the expectations of his employer, showing plaintiff was objectively qualified for the position he held.

79.    The defendants' acts and employment practices, with respect to plaintiff's terms, conditions and privileges of employment, resulted in the termination of the plaintiff's employment and violated the NJLAD.

80.    Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION unlawfully discharged plaintiff ANDREW L. PEZZA because of a disability or perceived disability in violation of the NJLAD.

81.    Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION also failed to engage in an interactive process with plaintiff to determine whether any reasonable accommodations could be made to plaintiff for plaintiff's handicaps and/or disabilities.

82.    Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION further failed to provide plaintiff ANDREW L. PEZZA with a reasonable accommodation concerning plaintiff's handicaps and/ or disabilities.

83.    The acts of the individual defendants, as described herein, were committed within their scope of employment.

84.    These actions as aforesaid constitute violations of the NJLAD.

85.    As a result of defendants'. aforesaid illegal actions, plaintiff ANDREW L. PEZZA has suffered damages and is entitled to all remedies available by law.

86.    As a direct and proximate result of defendants' violation of the NJLAD, plaintiff has suffered a loss of wages and benefits, and emotional distress damage.

## COUNT TWO
Violation of the ADA
(Against All Defendants)

87.    Plaintiff ANDREW L. PEZZA incorporates by reference the allegations contained in paragraphs above as if set forth at length herein

88.    Plaintiff's injuries sustained during the time frame relevant to this action caused him to be disabled within the meaning of the ADA.

9

89. In failing to reasonably accommodate plaintiff's disability and terminating plaintiff's employment, defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION has discriminated against plaintiff on account of his disability in violation of the ADA.

90. As a direct and proximate result of defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION's violation of the ADA, plaintiff has suffered a loss of wages and benefits, and emotional distress damage.

## COUNT THREE
Retaliation in Violation of the NJLAD
(Against All Defendants)

91. Plaintiff ANDREW L. PEZZA incorporates by reference the allegations contained in paragraphs above as if set forth at length herein.

92. The retaliatory actions taken by defendants MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION delegated to individual defendant JAMES ALTOBELLO, WILLIAM GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN GARAFALO, and JOANNE MAGISTRO, as set forth above, against plaintiff ANDREW L. PEZZA, are in violation the NJLAD.

93. Defendants' conduct and/or treatment of plaintiff ANDREW L. PEZZA, including the termination of his employment, were in retaliation for plaintiff ANDREW L. PEZZA's exercise and/or enjoyment of rights provided to him under the NJLAD including but not limited to, ANDREW L. PEZZA's request for an accommodation for his disability.

94. These actions as aforesaid constitute violations of the NJLAD.

95. As a result of aforesaid illegal actions by defendants MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION delegated to individual defendant JAMES ALTOBELLO, WILLIAM GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN GARAFALO, and JOANNE MAGISTRO, plaintiff ANDREW L. PEZZA has suffered damages and is entitled to all remedies available by law.

## COUNT FOUR
Aiding and Abetting in Violation in Violation of the NJLAD
(Against All Defendants)

96.     Plaintiff ANDREW L. PEZZA incorporates by reference the allegations contained in paragraphs above as if set forth at length herein.

97.     An individual may be held liable under the NJLAD for aiding and abetting discriminatory conduct by the employer.

98.     Each individual defendant – JAMES ALTOBELLO, WILLIAM GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN GARAFALO, and JOANNE MAGISTRO – knowingly or recklessly aided and abetted in the unlawful discrimination/ retaliation against and discharge of ANDREW L. PEZZA in violation of the NJLAD as set forth above.

99.     At all relevant times, defendants MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION delegated to individual defendants JAMES ALTOBELLO, WILLIAM GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN GARAFALO, and JOANNE MAGISTRO the ability to control the terms and conditions of ANDREW L. PEZZA's employment, including, but not limited to the power to terminate ANDREW L. PEZZA's employment and affect his post-termination employment.

100.    The acts of the individual defendants, as described herein, were committed within their scope of employment.

101.    The individual defendants set out to destroy plaintiff's reputation, intentionally interfere with his employment and prospective economic advantage, and have continued to do so through the present date.

102.    Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION delegated to individual defendants JAMES ALTOBELLO, WILLIAM GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN GARAFALO, and JOANNE MAGISTRO the supervisory authority to control the work environment of the Plaintiff.

103.    Defendants JAMES ALTOBELLO, WILLIAM GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN GARAFALO, and JOANNE MAGISTRO aided, abetted,

11

incited, compelled or coerced the employer's discrimination and harassment against ANDREW L. PEZZA, or attempted to do so, in violation of the NJLAD.

104.  Defendants abused the authority delegated by defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION when they discriminated and retaliated against ANDREW L. PEZZA and altered the workplace by terminating his employment while he was on medical leave.

155. These actions as aforesaid constitute violations of the NJLAD.

156. As a result of defendants' aforesaid illegal actions, plaintiff has suffered damages and is entitled to all remedies available by law.

**COUNT FIVE**
Violation of the FMLA
(Against All Defendants)

105.  Plaintiff repeats and incorporates the preceding paragraphs as if set forth in their entirety.

106.  As an employee of defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, plaintiff was entitled to the protections of the FMLA.

107.  Plaintiff worked for defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION for more than 12 months prior to the termination of his employment, and within the immediately preceding 12 months worked more than 1250 hours.

108.  Plaintiff therefore possesses the requisite length of service and number of hours worked to qualify as an "eligible employee" under the FMLA, 29 U.S.C. § 2611(2).

109.  Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION employs 50 or more employees at the facility where plaintiff worked, and it therefore qualifies as an "employer" under the FMLA, 29 U.S.C. § 2611(4).

110.  The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this subchapter," 29 U.S.C. § 2615(a)(1), or "to discharge or in any other manner discriminate against any

individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

111.    In failing to return plaintiff to his position or a substantially equivalent position when he was prepared to return from medical leave, defendant MIDDLETOWN TOWNSHIP BOARD OF EDUCATION unlawfully interfered with his entitlement to FMLA leave in violation of the provisions of 29 U.S.C. § 2615(a)(1).

112.    As a result of defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION's violation of the FMLA, plaintiff has suffered the loss of his employment and attendant wages and benefits.

**COUNT SIX**
Interference with Entitlements Under the FMLA
(Against All Defendants)

113.    Plaintiff incorporates by reference the allegations contained in paragraphs above as if set forth at length herein.

114.    ANDREW L. PEZZA is an "eligible employee" within the meaning of the FMLA in that he had been employed with defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION for more than twelve (12) months and worked more than 1250 hours in the twelve (12) months preceding his approved FMLA leave to recover from a serious health condition.

115.    Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION is an "employer" within the meaning of the FMLA. 29 U.S.C. § 2611 et seq. Public employers are covered, regardless of the number of employees. 29 C.F.R. §825.104.

116.    Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION has more than fifty (50) employees within a seventy-five (75) mile radius in each of twenty (20) or more consecutive calendar weeks in the current or preceding year within the meaning of FMLA. 29 U.S.C. § 2601 et seq.

117.    By law, ANDREW L. PEZZA was entitled to take a medical leave of absence from his position with defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION.

13

118.   ANDREW L. PEZZA exercised his rights under the FMLA by taking a medical leave, pursuant to 29 U.S.C. § 2612(e).

119.   The basis for medical leave, his medical condition, qualified as a serious health condition, as defined in 29 C.F.R. § 825.113(a).

120.   ANDREW L. PEZZA provided notice of his need for leave as was practicable under the circumstances.

121.   Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, JAMES ALTOBELLO, WILLIAM GEORGE III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN GARAFALO, and JOANNE MAGISTRO were aware of ANDREW L. PEZZA's serious health condition and the medical necessity of ANDREW L. PEZZA taking medical leave for treatment.

122.   It is unlawful for an employer to interfere with, restrain, or deny the exercise or the attempt to exercise rights under the FMLA, or to discharge or discriminate in any other manner against any individual for opposing any practice made unlawful by the FMLA leave requirements.

123.   Defendants' conduct as described above violated Plaintiff's rights and caused Plaintiff to suffer severe damages including loss of reputation, pain and suffering, mental anguish, and legal expenses, as alleged herein.

124.   The defendants violated the Family and Medical Leave Act by denying ANDREW L. PEZZA's request to return to work following an absence that qualified for Family Medical Leave and for terminating him under these circumstances.

125.   In so doing, the defendants interfered with and denied plaintiff's rights under the FMLA.

126.   As a result of defendants' aforesaid illegal actions, plaintiff has suffered damages and is entitled to all remedies available by law.

**COUNT SEVEN**
Retaliation in Violation of the FMLA
(Against Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWN-
SHIP BOARD OF EDUCATION)

127.   Plaintiff incorporates by reference the allegations contained in paragraphs above as if

14

set forth at length herein.

128. Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION's subsequent termination of plaintiff's employment was due to ANDREW L. PEZZA's exercise of his FMLA rights and constitutes retaliation. 29 U.S.C. § 2615.

129. ANDREW L. PEZZA took proper FMLA medical leave.

130. ANDREW L. PEZZA was entitled to a period of leave under the FMLA. 29 U.S.C. § 2611 *et seq.*

131. During his FMLA leave, ANDREW L. PEZZA was entitled to protection from adverse employment actions.

132. Nonetheless, after initiating FMLA leave, ANDREW L. PEZZA suffered a series of adverse employment actions.

133. As a direct consequence of ANDREW L. PEZZA exercising his rights under the Family and Medical Leave Act, defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, by and through its agents, retaliated against plaintiff by deriving and orchestrating a pretextual plan to terminate plaintiff.

134. This was adverse employment action by defendants against plaintiff for exercising his rights under the FMLA and constitutes retaliation in violation of 29 U.S.C. §§ 2612, 2615(a)(2).

135. Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION intentionally and willfully violated plaintiff's rights under the FMLA to take medical leave and to be free from retaliation for taking FMLA leave. Furthermore, defendants retaliated against plaintiff for exercising his rights under the FMLA.

136. Defendants terminated and/or constructively discharged ANDREW L. PEZZA from his employment because he had taken a period of leave to which he was entitled under the FMLA. 29 U.S.C. § 2611 *et seq.*

137. Defendants have refused to consider ANDREW L. PEZZA for reinstatement to his former position because he had taken the period of leave to which he was entitled under the

15

FMLA. 29 U.S.C. § 2611 et seq. 120. Defendants deviated from written and unwritten employment policies, practices, and procedures with respect to ANDREW L. PEZZA because he had taken a period of leave to which he was entitled under the FMLA. 29 U.S.C. § 2611 et seq.

138.    By and through its course of conduct, defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION willfully violated the FMLA by terminating plaintiff's employment in retaliation for his exercise of his FMLA rights; failing to restore ANDREW L. PEZZA to the position of employment held by him when the leave commenced; terminating him shortly after his leave and by terminating his employment; and by denying, restraining, and threatening to deny Plaintiff leave under the FMLA. 29 U.S.C. § 2601 et seq.

139.    As a result of defendants' aforesaid illegal actions, plaintiff has suffered damages and is entitled to all remedies available by law.

## COUNT EIGHT
### Retaliation in Violation of the FMLA
(Against Defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION)

140.    Plaintiff incorporates by reference the allegations contained above as if realleged herein.

141.    The termination of Plaintiff's employment was due to ANDREW L. PEZZA's exercise of his FMLA rights and constitutes retaliation. 29 U.S.C. § 2615.

142.    ANDREW L. PEZZA took proper FMLA medical leave from December 8, 2016 through March 6, 2017.

143.    ANDREW L. PEZZA was entitled to a period of leave under the FMLA. 29 U.S.C. § 2611 et seq.

144.    During his FMLA leave, ANDREW L. PEZZA was entitled to protection from adverse employment actions. Nonetheless, after initiating FMLA leave, ANDREW L. PEZZA suffered a series of adverse employment actions.

145.    As a direct consequence of ANDREW L. PEZZA exercising his rights under the Family and Medical Leave Act, defendant MIDDLETOWN TOWNSHIP PUBLIC

SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, by and through its agents, retaliated against plaintiff by deriving and orchestrating a pretextual plan to terminate plaintiff.

146.    This was adverse employment action by defendant MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS/MIDDLETOWN TOWNSHIP BOARD OF EDUCATION against plaintiff for exercising his rights under the FMLA and constitutes retaliation in violation of 29 U.S.C. §§ 2612, 2615(a)(2).

147.    Defendants intentionally and willfully violated plaintiff's rights under the FMLA to take medical leave and to be free from retaliation for taking FMLA leave. Furthermore, defendants retaliated against plaintiff for exercising his rights under the FMLA.

148.    Defendants terminated and/or constructively discharged ANDREW L. PEZZA from his employment because he had taken a period of leave to which he was entitled under the FMLA. 29 U.S.C. § 2611 et seq.

149.    Defendants refused to consider ANDREW L. PEZZA for reinstatement to his former position because he had taken the period of leave to which he was entitled under the FMLA. 29 U.S.C. § 2611 et seq.

150.    Defendants deviated from written and unwritten employment policies, practices, and procedures with respect to ANDREW L. PEZZA because he had taken a period of leave to which he was entitled under the FMLA. 29 U.S.C. § 2611 et seq.

151.    By and through its course of conduct, defendants willfully violated the FMLA by terminating plaintiff's employment in retaliation for his exercise of his FMLA rights; failing to restore ANDREW L. PEZZA to the position of employment held by him when the leave commenced; terminating him shortly after his leave and by terminating his employment; and by denying, restraining, and threatening to deny Plaintiff leave under the FMLA. 29 U.S.C. § 2601 et seq.

152.    As a result of defendants' aforesaid illegal actions, plaintiff has suffered damages and is entitled to all remedies available by law.

17

## COUNT NINE
### Violation of the New Jersey Civil Rights Act
### (Against All Defendants)

153. Plaintiff repeats and incorporates the preceding paragraphs as if set forth in their entirety.

154. The conduct of the defendants individually and jointly has deprived plaintiff of rights secured by the New Jersey Constitution and the New Jersey Civil Rights Act ("NJCRA").

155. As set forth more fully above, plaintiff ANDREW L. PEZZA was deprived of his right to substantive due process and/or equal protection and/or substantive rights, privileges or immunities secured by the Constitution and/or laws of this State and his exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by defendants who are persons acting under color of state law.

156. Each of the individually named defendants conspired with the other defendants to deprive plaintiff ANDREW L. PEZZA of his rights secured by the Constitution and/or laws of this State and his exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with and/or attempted to be interfered with, by threats, intimidation or coercion by defendants who are persons acting under color of state law.

## COUNT TEN
### Violation of Statutory and Common Law of the State of New Jersey
### (Against All Defendants)

157. Plaintiff ANDREW L. PEZZA repeats and incorporates the preceding paragraphs as if set forth in their entirety.

158. The above facts establish a cause of action for wrongful termination in violation of public policy under state law, negligence and other common law torts.

159. Statutory prerequisites to suit have been met.

160. Defendants acted intentionally and negligently causing plaintiff ANDREW L. PEZZA to sustain damages.

## RELIEF REQUESTED

WHEREFORE, plaintiff demands judgment against the defendants and in favor of plaintiff for the following relief:

a. Declare the acts complained of herein to be in violation of the ADA;

b. Declare the acts complained of herein to be in violation of the NJLAD;

c. Declare the acts complained of herein to be in violation of the FMLA;

d. Declare the acts complained of herein to be in violation of the NJCRA;

e. Enter judgment against the defendants and in favor of the plaintiff in an amount to be determined;

f. Order that defendants reinstate plaintiff to a comparable position with the defendants in terms of salary, benefits, and responsibilities; and that defendants provide plaintiff the reasonable accommodation necessary for him to return to that position;

g. Award compensatory damages to make plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which plaintiff has suffered or may suffer as a result of defendants' improper conduct;

h. Award compensatory damages to plaintiff for past and present pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which plaintiff has suffered and continues to suffer as a result of defendants' improper conduct;

i. Award plaintiff pre-judgment and post-judgment interest;

j. Award punitive damages to the plaintiff under the ADA, the FMLA, the NJLAD and the NJCRA;

k. Award plaintiff reasonable attorneys' fees, paralegal fees, expert witness fees and all costs, expenses and disbursements associated with pursuing this action, including an enhancement of those fees as permitted under the law of the State of New Jersey; and

l. Grant plaintiff such other relief as the Court deems just, proper, or equitable.

19

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues as permitted by law.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to *Rule* 4:5-1(b)(2), it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our knowledge or belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action other than those identified as JOHN DOE defendants. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the court an amended Certification if there is a change in the facts stated in this original Certification.

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

## DEMAND FOR PRODUCTION OF STATEMENTS

Plaintiff demands true and complete copies of any statements made by him pursuant to *Rule* 4:10-2(c). This demand is deemed to be continuing.

## DESIGNATION OF TRIAL ATTORNEY

Pursuant to *Rule* 4:25-4, DONALD F. BURKE, ESQUIRE, is hereby designated as trial counsel in the above-captioned action on behalf of plaintiff.

LAW OFFICE OF DONALD F. BURKE
ATTORNEYS FOR PLAINTIFF
ANDREW L. PEZZA

By: _____s/ Donald F. Burke_____
Donald F. Burke, Esq.

Date: November 3, 2018

## SUMMONS

Attorney(s) Law Office of Donald F. Burke

Office Address  45 Gale Road

Town, State, Zip Code  Brick, New Jersey  08723

Telephone Number  (732) 966-4922

Attorney(s) for Plaintiff  Andrew L. Pezza

ANDREW L. PEZZA,

Plaintiff(s)

vs.

MIDDLETOWN TOWNSHIP PUBLIC

SCHOOLS, et al.,

Defendant(s)

## Superior Court of New Jersey

Monmouth ☒County

Law        Division

Docket No: MON-L-3981-18

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M Smith*

Clerk of the Superior Court

DATED: 11/20/2018

Name of Defendant to Be Served: Kimberly Pickus (c/o Middletown Township Public Schools)

Address of Defendant to Be Served: 834 Leonardville Road, Second Floor, Leonardo, New Jersey  07737

Revised 11/17/2014, CN 10792-English (Appendix XII-A)