

# METHFESSEL & WERBEL
### — A Professional Corporation —

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
STEPHEN R. KATZMAN#
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
MARC DEMBLING*+
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE,III+*
GINA M. STANZIALE>

Of Counsel
JOHN METHFESSEL, SR.>
(1964-1995)
DONALD L. CROWLEY*+
ED THORNTON*>

Associates
SARAH K. DELAHANT+
EDWARD D. DEMBLING>
JASON D. DOMINGUEZ+
NATALIE DONIS+
MICHAEL R. EATROFF>
DAVID INCLE, JR.>
FRANK J. KEENAN+^
SCOTT KETTERER>

Counsel
CHRISTIAN R. BAILLIE+
JOSEPH D. CASTELLUCCI, JR.>
PAUL J. ENDLER JR.>
JAMES FOXEN^
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH+
CHARLES T. MCCOOK, JR.*>
MARC G. MUCCIOLO>
RICHARD A. NELKE~
STEVEN K. PARNESS+
BRENT R. POHLMAN+
AMANDA J. SAWYER^

Associates, Cont'd
ALLISON M. KOENKE>
ALICIA C. LANGONE+
ADAM N. LEVITSKY>
OLIVIA R. LICATA+
ASHLEY E. MALANDRE^
JAMES V. MAZEWSKI+
DIAA J. MUSLEH+
KAJAL J. PATEL>
RAINA M. PITTS^
MATTHEW L. RACHMIEL>
WILLIAM J. RADA+
NABILA SAEED^
JARED S. SCHURE>
TIFFANY D. TAGARELLI>
STEVEN A. UNTERBURGER+
LEVI E. UPDYKE+^

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
>Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar

**Please reply to New Jersey**

December 7, 2018

**VIA ELECTRONIC FILING**
Clerk
United States District Court
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State St.
Trenton, NJ 08608

RE: **PEZZA, ANDREW VS. MIDDLETOWN BOARD OF EDUCATION ET AL.**
Our File No.      : 86180 ELH
Civil Action No.  : 3:18-CV-16354

Dear Sir/Madam:

Enclosed please find the following documents:

☒Answer

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**

Eric L. Harrison
harrison@methwerb.com
Ext. 138

ELH:ede/Encl.

Methfessel & Werbel, Esqs.
Page 2
Our File No. 86180 ELH


cc:    VIA EMAIL: donaldburkeesq@gmail.com
Donald F. Burke, Esq.
Law Office of Donald F. Burke
45 Gale Road
Brick, NJ 08723

VIA EMAIL: jmerlino@sciarrillolaw.com
Jeffrey R. Merlino, Esq.
Sciarrillo, Cornell, Merlino, McKeever &
Osborne, LLC
238 St. Paul Street
Westfield, NJ 07090

Eric L. Harrison - ID #033381993
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
mailbox@methwerb.com
Attorneys for Defendants
Our File No.  86180 ELH

| | |
|---|---|
| ANDREW L. PEZZA<br><br>     Plaintiff<br><br>V.<br><br>MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS, MIDDLETOWN TOWNSHIP BOARD OF EDUCATION, JAMES ALTO-BELLO, WILLIAM GEORGE, III, KIMBERLY PICKUS, AMY GALLAGHER, ROSIE SHOPP, SUSAN GARAFALO, JOANNE MAGISTRO, JOHN DOES 1-10 AND JOHN DOE CORPORATIONS 1-10<br><br>     Defendants | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY CIVIL ACTION NO.: 3:18-CV-16354<br><br><br>**ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant(s), by way of Answer to the Complaint filed herein say:

## JURISDICTION AND VENUE

1.    Admitted that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

2.    Admitted that on August 6, 2018, this charge was dismissed.

3.    Denied.

4.    Admitted.

## PARTIES

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Neither admitted nor denied; these are fictitious parties unknown to Defendants.

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Admitted.

## STATEMENT OF FACTS

20.    Admitted.

21.    Denied that Plaintiff received good performance appraisals. Also denied that he requested FMLA leave.

22.    Denied that Plaintiff sought a reasonable accommodation from Defendants.

23. Admitted that Plaintiff was out on an unpaid leave of absence for his medical condition; otherwise denied.

24. Admitted that this letter was provided to Defendants.

25. Admitted that this letter was sent to Plaintiff.

26. Admitted that Plaintiff was non-renewed due to poor work performance; denied that Plaintiff was out on FMLA leave at the time of this non-renewal.

27. Admitted.

28. Neither admitted nor denied; unknown to Defendants what injuries Plaintiff sustained. Denied that Plaintiff ever requested leave under the FMLA.

29. Denied that Plaintiff was provided FMLA leave. Rather, Plaintiff took an unpaid leave of absence and his employment was non-renewed due to poor work performance.

30. Denied. Plaintiff never requested a reasonable accommodation for any disability and was non-renewed due to poor work performance

31. Denied.

32. Neither admitted nor denied; unknown to Defendants.

33. Denied. Plaintiff never requested reasonable accommodations and was non-renewed for poor work performance.

34.   Neither admitted nor denied; unknown to Defendants.

35.   Neither admitted nor denied; unknown to Defendants.

36.   Neither admitted nor denied; unknown to Defendants.

37.   Denied.

38.   Denied that Plaintiff requested FMLA leave, admitted that he took an unpaid leave of absence on the listed dates.

39.   Admitted that a note was provided and that Plaintiff sought an extension of his unpaid leave of absence.

40.   Admitted.

41.   Admitted that Mr. Alto-Bello had some positive comments regarding Plaintiff in prior evaluations; otherwise denied.

42.   Admitted.

43.   Admitted that Mr. Alto-Bello noted that Plaintiff was out on a medical leave of absence; otherwise denied.

44.   Admitted.

45.   Denied.

46.   Denied that Plaintiff did not receive a "sound and just" employee review process.

47.   Denied.

48.   Denied.

49.   Admitted that this letter was sent to Plaintiff; otherwise denied.

50.   Admitted.

51.  Admitted that the minutes do not reflect any discussion of Plaintiff's non-renewal.

52.  Admitted that Plaintiff was advised of his non-renewal.

53.  Admitted.

54.  Denied that Plaintiff ever requested that his employment be discussed in a public session or that Plaintiff ever requested a Donaldson Hearing or an investigation into his non-renewal.

55.  Admitted that a letter was sent to the Board President; otherwise denied.

56.  Denied that Plaintiff ever requested that his employment be discussed in a public session or that Plaintiff ever requested a Donaldson Hearing or an investigation into his non-renewal.

57.  Denied.  Plaintiff never requested a Donaldson hearing and as a result the Board took no further action.

58.  Neither admitted nor denied; unknown to Defendants.

59.  Neither admitted nor denied; unknown to Defendants.

60.  Denied.

61.  Admitted that prior employment with defendants was confirmed; otherwise denied.

62.  Denied.

63.   Admitted that Mr. Pezza's sick leave was exhausted and that he took an unpaid leave of absence.

64.   Denied that Plaintiff requested FMLA leave.

65.   Denied.

## COUNT ONE – "VIOLATION OF THE NJLAD"

66.   See above responses.

67.   Neither admitted nor denied; unknown to Defendants.

68.   Denied.

69.   Denied.

70.   Admitted.

71.   Admitted that Plaintiff was an employee; neither admitted nor denied that Plaintiff is a member of a protected class; unknown to Defendants.

72.   Admitted.

73.   Admitted.

74.   Admitted that Plaintiff took an unpaid leave of absence to deal with an alleged "serious medical condition."

75.   Neither admitted nor denied; unknown to defendants.

76.   Neither admitted nor denied; unknown to Defendants.

77.   Neither admitted nor denied whether Plaintiff was a person defined as "handicapped" or "disabled," unknown to Defendants.  The remainder of this paragraph is denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Denied.

84.   Denied.

85.   Denied.

86.   Denied.

### COUNT TWO – "VIOLATION OF THE ADA"

87.   See above responses.

88.   Neither admitted nor denied; unknown to defendants.

89.   Denied.

90.   Denied.

### COUNT THREE – "RETALIATION IN VIOLATION OF THE NJLAD"

91.   See above responses.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Denied.

### COUNT FOUR-"AIDING AND ABETTING IN VIOLATION OF THE NJLAD"

96.   See above responses.

97.   Admitted.

98.   Denied.

99.   Denied.

100.  Denied.

101.  Denied.

102.  Denied.

103.  Denied.

104.  Denied.

105.  Denied.

106.  Denied.

### COUNT FIVE – "VIOLATIONS OF FMLA"

107.  See above responses.

108.  Admitted.

109.  Admitted.

110.  Admitted.

111.  Admitted

112.  Admitted.

113.  Denied.

114.  Denied.

### COUNT SIX – "INTERFERENCE WITH ENTITLEMENTS UNDER

### FMLA"

115.  See above responses.

116.  Admitted.

117. Admitted.

118. Admitted.

119. Admitted.

120. Denied that Plaintiff took a leave under FMLA.  Plaintiff took an unpaid leave of absence.

121. Denied that his condition qualified as a serious health condition.

122. Denied.

123. Denied.

124. Admitted.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

**COUNT SEVEN – "RETALIATION IN VIOLATION OF THE FMLA"**

129. See above responses.

130. Denied.

131. Denied.

132. Admitted that he Plaintiff was entitled to protections.  Denied that Plaintiff ever took FMLA leave.

133. Admitted that Plaintiff was entitled to protections.  Denied that Plaintiff ever took FMLA leave.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied

139. Denied.

140. Denied.

141. Denied.

### COUNT EIGHT – "RETALIATION IN VIOLATION OF FMLA"

142. See above responses.

143. Denied.

144. Denied that Plaintiff took FMLA leave.   Plaintiff took an unpaid leave of absence.

145. Admitted.

146. Admitted that he was entitled to protections; denied that Plaintiff suffered adverse employment actions.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

## COUNT NINE – "VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT"

155.   See above responses.

156.   Denied.

157.   Denied.

158.   Denied.

## COUNT TEN – "VIOLATION OF STATUTORY AND COMMON LAW"

159.   See above responses.

160.   Denied.

161.   Denied.

162.   Denied.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Defendants were not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiff.

## THIRD SEPARATE DEFENSE

Any claims against answering defendants are barred by contributory negligence or should be mitigated by comparative negligence pursuant to <u>N.J.S.A.</u> 2A:15-5.1, <u>et</u> <u>seq.</u>

## FOURTH SEPARATE DEFENSE

Any and all injuries and damages were proximately caused by actions or negligence of plaintiff or by persons not under the control of these defendants.

## FIFTH SEPARATE DEFENSE

Any and all injuries and damages were proximately caused solely by the actions or negligence of the Plaintiff

## SIXTH SEPARATE DEFENSE

Any injuries and damages were caused by and arose out of risks of which plaintiff had full knowledge and which plaintiff assumed.

## SEVENTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the negligence of the plaintiff.

## EIGHTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the intentional behavior of the plaintiff.

## NINTH SEPARATE DEFENSE

Defendants owed no legal duty to the plaintiff.

## TENTH SEPARATE DEFENSE

Defendants breached no duty owed to the plaintiff.

## ELEVENTH SEPARATE DEFENSE

Defendants performed each and every duty, if any, owed to plaintiff.

## TWELFTH SEPARATE DEFENSE

Plaintiff has not been deprived of any right, privilege, or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

## THIRTEENTH SEPARATE DEFENSE

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity, and protection provided under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and hereby place plaintiff on notice that each such statutory provision is hereby raised as a separate and affirmative defense throughout every stage of the case.

## FOURTEENTH SEPARATE DEFENSE

Defendants are immune from liability for any damages for pain and suffering under N.J.S.A. 59:9-2.

## FIFTEENTH SEPARATE DEFENSE

Defendants are entitled to a credit for any benefits paid to plaintiff under N.J.S.A. 59:9-2.

## SIXTEENTH SEPARATE DEFENSE

Any actions or failure to act on the part of defendants were in the nature of the discretionary activity within meaning of <u>N.J.S.A.</u> 59:2-3.

### SEVENTEENTH SEPARATE DEFENSE

Defendants are entitled to the good faith immunity established by <u>N.J.S.A.</u> 59:3-3.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff failed to comply with the conditions precedent for making any claim against defendants by not filing the claim in the manner and within the time provided by <u>N.J.S.A.</u> 59:8-3, 59:8-4, 59:8-5, 59:8-7, and 59:8-8.

### NINETEENTH SEPARATE DEFENSE

The plaintiff(s) failed to file a timely notice of claim as required by <u>N.J.S.A.</u> 59:8-8, <u>et.</u> <u>seq</u>.

### TWENTIETH SEPARATE DEFENSE

Defendants are entitled to immunity under <u>N.J.S.A.</u> 59:2-2.

### TWENTY-FIRST SEPARATE DEFENSE

Defendants are entitled to immunity under <u>N.J.S.A.</u> 59:2-10.

### TWENTY-SECOND SEPARATE DEFENSE

Defendants are immune from any prejudgment interest under the New Jersey Tort Claims Act, <u>N.J.S.A.</u> 59:1-1, <u>et</u> <u>seq</u>.

### TWENTY-THIRD SEPARATE DEFENSE

While denying any liability, any recovery to which plaintiff might otherwise be entitled to subject to the provisions and limitations provided in the New Jersey Tort Claims Act.

### TWENTY-FOURTH SEPARATE DEFENSE

Defendants neither took nor sanctioned any of the actions alleged by plaintiff.

### TWENTY-FIFTH SEPARATE DEFENSE

Neither this defendants nor any of its agents had any personal participation in the alleged occurrence.

### TWENTY-SIXTH SEPARATE DEFENSE

Defendants acted upon probable cause and in good faith in carrying out all duties.

### TWENTY-SEVENTH SEPARATE DEFENSE

Any action or inaction on the part of defendants was the result of the exercise of judgment or discretion vested in defendant within the meaning of the applicable law.

### TWENTY-EIGHTH SEPARATE DEFENSE

Defendants acted in good faith without malicious intent in carrying out all duties.

### TWENTY-NINTH SEPARATE DEFENSE

Defendants at all times acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances.

## THIRTIETH SEPARATE DEFENSE

While denying any liability, individuals were not acting as agents of thes defendants at the times they committed the alleged acts in the Complaint.

## THIRTY-FIRST SEPARATE DEFENSE

While denying any liability, these defendants did not know and had no reasonable basis to know that other individuals had the propensity to engage in the acts alleged in the Complaint.

## THIRTY-SECOND SEPARATE DEFENSE

All of the acts of defendants were performed in good faith and defendant is therefore entitled to qualified immunity.

## THIRTY-THIRD SEPARATE DEFENSE

Defendants are entitled to absolute immunity.

## THIRTY-FOURTH SEPARATE DEFENSE

To the extent alleged, if any, defendants did not engage in a conspiracy against plaintiff and did not have a custom, plan or practice that violated plaintiff's rights.

## THIRTY-FIFTH SEPARATE DEFENSE

Punitive damages cannot be awarded against defendant under both common law and statute.

### THIRTY-SIXTH SEPARATE DEFENSE

There is no basis in law or fact for the award of damages under the tort of emotional distress.

### THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of economic damages against defendants.

### THIRTY-EIGHTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of interest against defendants.

### THIRTY-NINTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of counsel fees against defendants.

### FORTIETH SEPARATE DEFENSE

Defendants did not violate any duty owed to plaintiff under common law, statute, regulations, or standards.

### FORTY-FIRST SEPARATE DEFENSE

Any alleged damages were due to unavoidable circumstances and causes beyond the control or fault of defendants.

### FORTY-SECOND SEPARATE DEFENSE

Defendants were acting pursuant to law in performing any of the acts alleged in the Complaint.

### FORTY-THIRD SEPARATE DEFENSE

Service of process not effectuated upon defendants, and defendants reserve the right to move to dismiss for insufficiency of process and insufficiency of service of process.

### FORTY-FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by the entire controversy doctrine.

### FORTY-FIFTH SEPARATE DEFENSE

This court lacks jurisdiction over one or more of plaintiff's claims.

### FORTY-SIXTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### FORTY-SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

### FORTY-EIGHTH SEPARATE DEFENSE

Plaintiff failed to take reasonable and necessary measures to mitigate damages.

### FORTY NINTH SEPARATE DEFENSE

Defendants reserve the right to assert such other affirmative defenses as continuing investigation and discovery may indicate.

### FIFTIETH SEPARATE DEFENSE

Defendants had legitimate, nondiscriminatory reasons for all acts and omissions of which plaintiff complains.

## FIFTY-FIRST SEPARATE DEFENSE

Plaintiff has failed to exhaust all available administrative remedies.

## FIFTY-SECOND SEPARATE DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any harassing behavior and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to avoid harm otherwise.

## DEMAND FOR DAMAGES

Attorneys for plaintiff are hereby required and requested to furnish the undersigned within five (5) days with a written statement of the amount of damages claimed in this action.

## JURY DEMAND

The defendants hereby demand trial by a jury as to all issues.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Defendants


By:_____
           Eric L. Harrison

DATED: December 7, 2018