<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW L. PEZZA, <br><br> Plaintiff, <br> v. <br><br> MIDDLETOWN TOWNSHIP PUBLIC SCHOOL, et al., <br><br> Defendant. | Civ. A. No. 18-16354 (GC)(DEA) <br><br> **MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff Andrew L. Pezza's ("Plaintiff") appeal (Plaintiff's Brief in Support of Appeal of Magistrate Judge's Decision ("Pl.'s Brief in Supp."), ECF No. 73) of the Honorable Douglas E. Arpert's, United States Magistrate Judge, ("Judge Arpert") order denying Plaintiff's motion to amend his complaint, (Order Denying Mot. to Am. Compl. ("Order"), ECF No. 71). Defendants Middletown Township Public Schools, Middletown Township Board of Education, James Altobello, William George III, Kimberly Pickus, Amy Gallagher, Rosie Shopp, Susan Garafalo, and Joanne Magistro (collectively "Defendants") oppose Plaintiff's appeal. (Defendants' Brief in Opposition ("Defs.' Opp'n"), ECF No. 74.) Additionally, Plaintiff filed a reply to Defendants' opposition. (Plaintiff's Reply Brief ("Pl.'s Reply"), ECF No. 76.). The Court has carefully considered the Parties' submissions and decides this motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Appeal is **DENIED** and the Court **AFFIRMS** Judge Arpert's Order denying Plaintiff's motion to amend his complaint.

I.  **BACKGROUND**

A.  **Procedural History**

Plaintiff was employed by the Middletown Township Board of Education as a para-professional. (Compl. ¶¶ 20, 27, ECF No. 1-2.) Plaintiff then went on medical leave in spring 2017 due to injuries he sustained in a physical assault. (*Id.* at ¶ 21.) Plaintiff alleges that he was terminated on June 27, 2017, while on medical leave. (*Id.* at ¶ 26.) As a result, Plaintiff filed his Original Complaint against Defendants in the Superior Court of New Jersey, Monmouth County on November 3, 2018. (*See generally* Compl., ECF No. 1-2.) Plaintiff alleges various violations under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12 *et seq*, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, and under the "statutory and common law of the State of New Jersey because defendants terminated his employment while he was on medical leave." (Compl. 1.) Defendants removed this action to this Court on November 21, 2018. (Notice of Removal, ECF No. 1.) Judge Arpert issued a text order on May 14, 2019 stating: "any Motion to Amend the Pleadings or to Join New Parties, whether by amended or third-party complaint, must now be filed by August 28, 201[9]." (Text Order, ECF No. 6.)

On June 17, 2020, Plaintiff deposed Defendant, Kimberly Pickus ("Pickus"). (Defs.' Opp'n to Pl.'s Mot. to Amend Compl., Ex. A, ECF No. 61-3.) Pickus discussed her thought process on whether to launch an investigation into Plaintiff's termination and stated, "I sought the advice of our legal counsel, our Board attorney [Jeffrey Merlino], and I followed his legal advice." (*Id.*) Plaintiff deposed Merlino on April 27, 2021 where Merlino was questioned about the lack of investigation into Plaintiff's termination. (*Id.* at Ex. B.) Merlino asserted that he did not believe there was probable cause for a full-scale investigation, but that Pickus was to perform a

"preliminary investigation" in order to officially determine that there was no probable cause to do a further investigation. (*Id.*) Merlino also added that he heard of potentially three teachers providing negative job performance evaluations for Plaintiff. (*Id.*)

Plaintiff then deposed Denise Moyer ("Moyer") on May 24, 2021, one of the teachers who provided a negative job performance evaluation for Plaintiff. (Reply Br., Ex. C.) Moyer explained that sometime after Plaintiff's termination, she and two other teachers, Joy Newcomb ("Newcomb") and Julie Racioppi ("Racioppi"), met with a Board lawyer to discuss the negative performance evaluations they wrote about Plaintiff. (*Id.*) Moyer admitted that she was aware the meeting with the lawyer was about possible litigation. (*Id.*)

On June 11, 2021, following Merlino and the various teachers' depositions in April 2021 and May 2021, Plaintiff moved to amend his complaint. (Pl.'s Mot. to Am. Compl., ECF No. 56; Pl.'s Br. in Supp. of Proposed Am. Compl. ("Proposed Am. Compl."), ECF No. 58-1.) The proposed amended complaint attempts to add Merlino as a defendant because Merlino allegedly instructed teachers "to obtain negative statements … about [Plaintiff] in response to [Plaintiff's] claim of discrimination and retaliation and request for an investigation." (Proposed Am. Compl. ¶ 58.) The proposed Amended Complaint also asserts that Merlino encouraged the Superintendent, William George, III ("George, III") not to have Plaintiff's claims "of discrimination and retaliation investigated." (*Id.* at ¶65.)

### B.   The Magistrate Judge's Decision

On January 19, 2022, Judge Arpert issued an Order denying Plaintiff's motion to amend his Complaint. (Order, ECF No. 71). Judge Arpert made several rulings: (1) good cause did not

exist under Federal Rule of Civil Procedure[1] 16(b)(4) to allow Plaintiff leave to amend the Court's Pretrial Schedule Order (Order at 5, ECF No. 71); (2) Plaintiff did not demonstrate that he exercised due diligence under Rule 16(b)(4) in seeking to add Mr. Merlino as a defendant (*id.* at 8); and (3) the proposed amendment would have been futile under Rule 15(a)(2) (*id.* at 10).

## II.     STANDARD OF REVIEW

Under Rule 72(a), a District Judge must set aside a magistrate judge's decision on a non-dispositive motion when the "order is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").  The burden to show that the magistrate judge's ruling is wrong lies with the appealing party. *Supernus Pharms., Inc. v. Actavis, Inc.*, No. 13-CV-4740, 2014 WL 654594, at *1 (D.N.J. Feb. 20, 2014).  A district judge may find a magistrate judge's decision "clearly erroneous when it is left with the definite and firm conviction that a mistake has been committed." *In re Allergan Biocell Textured Breast Implant Prod. Liab. Litig.*, No. 219MD02921, 2022 WL 3211421, at *3 (D.N.J. Aug. 9, 2022) (internal quotations omitted) (quoting *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. *See Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citation omitted).

---

[1]     Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

4

## III. DISCUSSION

Based on the Court's review of Judge Arpert's Order, the Court finds that the Order was not clearly erroneous or contrary to law. (Order, ECF No. 71).

In support of his appeal, Plaintiff advances four principal arguments: (1) Judge Arpert did not apply Rule 15(a)(2), which states that the Court should "freely give leave [to amend the pleadings] when justice so requires," (Pl.'s Brief in Supp. at 5-6); (2) Judge Arpert erred by concluding that Plaintiff was not diligent under Rule 16(b)(4) (*id.* at 7-10); (3) Defendants have not demonstrated they suffered an "unfair prejudice" (*id.* at 10); and (4) Plaintiff's proposed amendment is not futile (*id.* at 10-15). The Court will address these arguments in turn.

### A. The Magistrate Judge's Decision to Apply the Good Cause Standard Under Rule 16(b)(4) was not Clearly Erroneous.

Judge Arpert's decision to apply the good cause standard under Rule 16(b)(4) was not clearly erroneous. (Pl.'s Br. in Supp. at 5-6.) Rule 16 discusses when the Court may modify a scheduling order. *See* Fed. R. Civ. P. 16(b)(4). A court may modify a scheduling order "only for good cause and with the judge's consent." *Id.* Rule 15(a) contemplates when a party may amend their pleadings. Fed. R. Civ. P. 15(a). Rule 15(a)(2) includes a catchall provision for amending pleadings which states: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Third Circuit precedent states: "when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Additionally, courts need to

5

evaluate the moving party's diligence when deciding whether good cause exists to amend a scheduling order. *E. Mins. & Chemicals Co. v. Mahan,* 225 F.3d 330, 340 (3d Cir. 2000) (finding the District Court acted within its discretion when it denied Plaintiff's motion to amend because the District Court found that Plaintiff was not diligent). To determine whether Plaintiff was diligent, the Court must "ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *Grasso v. Consol. Rail Corp.*, No. 12-398, 2013 WL 3167761, at *5 (D.N.J. June 20, 2013) (citing *Stallings ex rel. Estate of Stallings v. IBM Corp.,* No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept.8, 2009)). Good cause to amend a scheduling order exists when the movant discovers facts to support the motion after the relevant deadline. *In re: Paulsboro Derailment Cases*, No. 13-0784, 2015 WL 6163962, at *1 (D.N.J. Oct. 20, 2015) (citing *United States v. Cohan*, No. 3:11-0412, 2012 WL 4758142, at * 1 (D.Conn. Oct. 5, 2012). Good cause is typically not satisfied when the moving party was aware of the facts used in support of their argument to amend the scheduling order but failed to act on the information. *See Roggio v. F.B.I.*, No. 08-4991, 2011 WL 3625042, at *5 (D.N.J. Aug. 17, 2011) (citing *Eichorn v. AT & T Corp.*, 484 F.3d 644, 650-51 (3d Cir. 2007).

First, we must resolve whether the Magistrate Judge properly concluded that Rule 16(b)(4) applies in this situation rather than Rule 15(a). The Court amended the Pretrial Scheduling Order through a text order on May 14, 2019 stating that: "Any Motion to Amend the Pleadings or to Join New Parties, whether by amended or third-party complaint, must now be filed by August 28, 201[9]." (Text Order, ECF No. 6.) However, nearly two years after the August 28, 2019 deadline, Plaintiff moved to amend his complaint on June 11, 2021, in an attempt to add Merlino as a

6

defendant in this case.  (Pl.'s Mot. to Am. Compl.)  The Third Circuit addressed this precise question in *Premier Comp Sols., LLC v. UPMC*, and stated:

> "[W]e take this opportunity to clarify that when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard."

970 F.3d at 319.  Under *Premier Comp Sols., LLC v. UPMC*, the Judge Arpert properly concluded that the Rule 16(b)(4) good cause standard applied.

Here, Judge Arpert's finding that good cause did not exist under Rule 16(b)(4) was not clearly erroneous.  First, Plaintiff found out in June 2020 that Pickus relied on Merlino's advice when she determined not to investigate Plaintiff's termination.  (Order at 8, ECF No. 71; Defs.' Opp'n to Pl.'s Mot. to Amend Compl. 3-4.)  Specifically, in a June 2020 deposition, Pickus stated that she sought the advice of the District's legal counsel (Merlino) and relied on Merlino's advice when deciding not to grant Plaintiff's investigation request.  (*Id.* at Ex. A.)  However, as Judge Arpert noted, Plaintiff failed to either provide a reason why he did not depose Merlino until April 2021 or why he did not move to amend his complaint until nearly one year after learning about the relevant information from Pickus.  (Order at 8, ECF No. 71.)  Judge Arpert found that Plaintiff had access to the exact facts Plaintiff relies on in support of amending the complaint and failed to act on these facts in a timely fashion.  (*Id.*)  As a result, Judge Arpert did not err by failing to find good cause to amend the Complaint.  *Roggio*, No. 08-4991, 2011 WL 3625042, at *5 (citing *Eichorn*, 484 F.3d at 650-51).  Therefore, Judge Arpert's finding as to this issue was not clearly erroneous.

B. **"Unfair Prejudice" Standard Does not Apply**

Next, Plaintiff argues that Judge Arpert erred because he never found that permitting the amended complaint would cause "unfair prejudice" to Defendants under Rule 15(a). (Pl.'s Brief in Supp. at 5-6); Fed. R. Civ. P. 15(a). However, as mentioned above, "a party must meet [the good cause standard under Rule 16(b)(4) before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC*, 970 F.3d at 319. Because Judge Arpert properly found that Plaintiff did not meet the good cause standard under Rule 16(b)(4), Judge Arpert was not required to apply the "unfair prejudice" standard under Rule 15(a). Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 16(b)(4).

Additionally, Judge Arpert properly did not apply the "unfair prejudice" standard because Judge Arpert found "that no good cause exists to alter the Pretrial Scheduling Order is sufficient reason to deny Plaintiff's motion, but even if the Court found good cause, the proposed amendment would be futile" under Rule 15(a). (Order at 10, ECF No. 71.) Under Rule 15(a), "leave to amend may be denied when there is 'undue delay, bad faith, dilatory motive, prejudice, and futility.'" *Spartan Concrete Prod., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *compare Haynes v. Moore*, 405 F. App'x 562, 564 (3d Cir. 2011) (noting that futility alone is enough for a court to deny leave to amend a complaint) *with Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that anyone one of these factors alone is sufficient to deny a motion to amend a complaint) (internal citation omitted). So long as Judge Arpert found that either undue delay, bad faith, dilatory motive, unfair prejudice, or futility existed, then Judge Arpert was permitted to deny leave to amend the complaint. Because Judge Arpert properly found that the proposed amendment would be futile, discussed *infra* Section C, Judge Arpert was not required to

8

find unfair prejudice existed prior to denying the motion to amend the complaint. Therefore, the Court rejects Plaintiff's argument.

### C. The Proposed Amendment to the Complaint Would Have Been Futile

Judge Arpert's finding that Plaintiff's proposed amended complaint would have been futile was not clearly erroneous. (Pl.'s Brief in Supp. at 10-13.) Under Rule 15(a), a party may amend their pleadings "once as a matter of course within [either] 21 days after serving it . . . or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15 (a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As stated above, under Third Circuit precedent, a court should grant leave to amend a complaint unless undue delay, bad faith, dilatory motive, undue prejudice, or futility would result. *Spartan Concrete Prod., LLC*, 929 F.3d at 115; *see also Grayson*, 293 F.3d at 108; *see also Haynes v.* 405 F. App'x at 564. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applie[d] under Rule 12(b)(6)"). If a proposed amended complaint would be futile, then that alone, is enough for a court to deny leave to amend the complaint. *Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007) (citation omitted).

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). When considering a Rule 12(b)(6) motion, the Court must conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a

plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Third, 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement [to] relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

The NJLAD prohibits: "any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so." N.J. Stat. Ann. § 10:5-12(e). To state a claim for aiding and abetting under the NJLAD, Plaintiff must show that Merlino "(1) aided another in performing a wrongful act that caused an injury; (2) [was] aware of [his] role in the illegal activity at the time it was committed; and (3) knowingly and substantially assisted with the main violation." *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, 431 F. Supp. 3d 488, 514 (D.N.J. 2019) (citation omitted).

Here, Plaintiff moves to amend his complaint to add Merlino as a party in an attempt to bring a claim against Merlino for aiding and abetting harassment or discrimination under the NJLAD. Judge Arpert found that Plaintiff's proposed amended complaint would have been futile because it would have failed to state a claim under the NJLAD for two primary reasons. First, Judge Arpert held that "the Court is not persuaded that an aiding and abetting claim can be established against Mr. Merlino, an attorney for Defendants, as the Court could find no example where an attorney was found to have aided and abetted harassment or discrimination under the NJLAD." (Order 12, ECF No. 71.) Upon review, the Court agrees with Judge Arpert that it does

10

not appear that an example of an attorney being held liable for aiding and abetting harassment or discrimination exists.  While Judge Arpert cites a line of cases explaining how this District has applied the NJLAD's aiding and abetting provision to supervisors, as Judge Arpert alludes, none of these cases are factually on-point.  (*See* Order 12 n. 9, ECF No. 71.)  As a result, they are neither helpful nor persuasive in assisting the Court with the present case.

Second, Judge Arpert finds that the facts alone do not support a claim that Merlino aided and abetted harassment or discrimination in contravention of the NJLAD.  Plaintiff's proposed amended complaint does not contain any allegation that Merlino participated in Plaintiff's termination.  Instead, Plaintiff's proposed amended complaint only contains proposed allegations that Merlino participated in the decision to not investigate Plaintiff's termination, an event that occurred after the alleged wrongful act (Plaintiff's termination).  (Proposed Am. Compl. ¶¶ 103-07.)[2]  Following *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, Plaintiff's proposed amended complaint fails to state a claim because it does not allege that Merlino "knowingly and substantially assisted with the main violation."  431 F. Supp. 3d at 514.  Additionally, the Court finds no relevant law that ascribes an employer with an affirmative duty to conduct a post-termination investigation.[3]  As a result, Judge Arpert's finding that Plaintiff's proposed amended complaint would have been futile is not clearly erroneous.

---

[2] The key proposed allegation in Plaintiff's proposed amended complaint regarding Merlino's conduct states: "By obtaining fabricated statements from teachers to justify ANDREW L. PEZZA's termination after the fact, meeting with the teachers and defendant JAMES ALTOBELLO to discuss their statements and telling the Board not to investigate plaintiff ANDREW L. PEZZA's claims, defendant JEFF MERLINO aided and abetted the discrimination and retaliation against plaintiff ANDREW L. PEZZA."  (Proposed Am. Compl. ¶ 68.)

[3] Plaintiff cites New Jersey Supreme Court case law in support of his claim that Merlino violated the NJLAD.  *See Roa v. Roa*, 985 A.2d 1225, 1232 (2010) (stating "we look to federal case law as a 'key source of interpretive authority' in connection with the LAD") (referencing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 61 (2006)).  However, as mentioned above, the

## IV.     CONCLUSION

For the foregoing reasons, and for good cause shown, Plaintiff's Appeal is **DENIED** and the Court **AFFIRMS** Judge Arpert's Order denying Plaintiff's motion to amend his complaint.


**Dated**: February 15, 2022

*S/ Georgette Castner*
**GEORGETTE CASTNER**
**United States District Judge**

---

Court finds no on-point cases under the NJLAD where an attorney was held liable for aiding and abetting harassment or discrimination for advising not to investigate the underlying harassment or discrimination after the employee was terminated.